United States District Court
District of Massachusetts

| | |
|---|---|
| Paul J. McMann and Eileen R. McMann, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Selene Finance LP, as servicer )<br>for Wilmington Savings Fund )<br>Society, FSB, d/b/a Christiana )<br>Trust, as trustee for Premium )<br>Mortgage Acquisition Trust, and )<br>Korde & Associates, PC, )<br>)<br>Defendants. ) | Civil Action No.<br>17-12428-NMG |

**ORDER**

**GORTON, J.**

Paul J. and Eileen R. McMann ("plaintiffs") seek to enjoin the foreclosure sale of their property located on Crescent Street in Weston, Massachusetts ("the property"). They allege that Selene Finance LP ("Selene"), the loan servicer of the property, and Korde & Associates, PC ("Korde"), counsel of record for Selene and a debt collector pursuant to the Fair Debt Collection Practices Act, violated federal and state statutes in the servicing of the loan and the attempted collection of plaintiffs' debt. Plaintiffs seek both injunctive and monetary relief.

Plaintiffs' filed an emergency motion to postpone foreclosure sale late Friday afternoon, December 8, 2017, and a

-1-

hearing on that motion was held on Monday, December 11, 2017, at 10:30 A.M. The foreclosure sale was scheduled to occur later that same day.

In March, 2002, plaintiffs executed a mortgage with a predecessor mortgagee to secure a $578,000 loan. In January, 2008, plaintiffs defaulted on the mortgage and continue to be in default. When asked at the hearing whether he had made any payments on the mortgage since 2008, Mr. McMann, representing himself pro se, answered that he does not recall.

On or around May 11, 2017, plaintiffs sent Korde a Qualified Written Request ("QFR") pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605. That QFR requested written responses and production of documents with respect to a myriad of questions relating to the mortgage. Selene purportedly responded to that QFR by letter dated July 31, 2017, although plaintiff denies that he ever received the letter. Plaintiffs also contend that Korde sent correspondence to Eileen McMann's sister in an effort to collect the alleged debt.

The Court will treat plaintiffs' emergency motion as a motion for a preliminary injunction. To obtain injunctive relief, the plaintiff must demonstrate: 1) a substantial likelihood of success on the merits, 2) a significant risk of irreparable harm if the injunction is withheld, 3) a favorable balance of hardships and 4) a fit (or lack of friction) between

the injunction and the public interest. Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003) (citation omitted).

Plaintiffs rely on two statutory violations, allegedly committed by defendants, to justify the issuance of an injunction. First, plaintiffs claim that Selene's failure to respond to the QFR violated RESPA. Pursuant to 12 U.S.C. § 2605, a borrower may send a loan servicer a Qualified Written Request "for information relating to the servicing of such loan" or for assurance that the account is not in error. 12 U.S.C. § 2605(e)(1). A loan servicer has 30 days to respond to the QFR with a written explanation or clarification to provide the requested information, explain why such information is unavailable and either make appropriate corrections in the account or provide a statement of reasons confirming its accuracy. See 12 U.S.C. § 2605(e)(2).

At the hearing held on plaintiffs' emergency motion, Korde provided plaintiff with a copy of defendant's response to the QWR, although it did not include the original attachments to the letter to which plaintiffs will be entitled during discovery.

To state a claim under the QWR provision of RESPA, a plaintiff must show

> (1) that the servicer failed to comply with the statute's [qualified written request] rules; and (2) that the plaintiff incurred actual damages as a consequence of the servicer's failure.

Foregger v. Residential Credit Sols., Inc., 2013 WL 6388665, at *4 (D. Mass. Dec. 5, 2013) (citing Okoye v. Bank of New York Mellon, 2011 WL 3269686, at *17 (D. Mass. July 28, 2011)).

Plaintiffs' complaint does not allege, nor did plaintiff argue at the hearing, that defendants' QFR deficiencies caused any actual damages. Nor do plaintiffs contend that Korde has demonstrated a pattern or practice of non-compliance, such that plaintiffs would be entitled to statutory damages. 12 U.S.C. § 2605(f)(1)(B). Notably, the subject statute does not provide for injunctive relief as a form of remedy.

Accordingly, the Court concludes that it is unlikely that plaintiffs' claim will succeed on the merits.

Plaintiffs also allege that Korde contacted Ms. McMann's sister in an attempt to collect the alleged debt. The FDCPA provides that, excepting certain circumstances,

> a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

Although plaintiffs may succeed on the merits of their FDCPA claim if they can show it is not time barred, such a violation, if proved, would not entitle them to injunctive relief. It would, if proved, be adequately remedied by the damages provided for in the statute, namely actual damages,

statutory damages, costs and attorney's fees. See 15 U.S.C. § 1692k(a)(3)). To the extent that plaintiffs have not established that monetary damages would be insufficient, they have failed to demonstrate irreparable harm. See Oxford Immunotec Ltd. v. Qiagen, Inc., 2017 WL 4271446 at *8 (D. Mass. Sept. 26, 2017).

Accordingly, plaintiffs' emergency motion to postpone a foreclosure sale (treated as a motion for preliminary injunction) (Docket No. 2) is **DENIED**. The funds, if any, received from the foreclosure sale are to be held in escrow by defendants until this litigation is concluded.

**So ordered.**

>            /s/ Nathaniel M. Gorton
>            Nathaniel M. Gorton
>            United States District Judge

Dated December 11, 2017