United States District Court
District of Massachusetts

```
_____
Paul J. McMann and Eileen R.    )
McMann,                         )
                                )
            Plaintiffs,         )
                                )
            v.                  )        Civil Action No.
                                )        17-12428-NMG
Selene Finance LP, as servicer  )
for Wilmington Savings Fund     )
Society, FSB, d/b/a Christiana  )
Trust, as trustee for Premium   )
Mortgage Acquisition Trust, and )
Korde & Associates, PC,         )
                                )
            Defendants.         )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Paul J. and Eileen R. McMann allege that Selene Finance LP ("Selene"), a loan servicer, and Korde & Associates, PC ("Korde"), counsel of record for Selene and a debt collector pursuant to the Fair Debt Collection Practices Act, violated federal and state statutes in the servicing of a loan and the attempted collection of plaintiffs' debt with respect to a property located on Crescent Street in Weston, Massachusetts ("the Property"). Pending before the Court are defendants' motion to dismiss and plaintiffs' motion for appointment of an escrow agent.

## A. Background

In March, 2002, plaintiffs executed a mortgage with a predecessor mortgagee to secure a $578,000 loan.  In January, 2008, plaintiffs defaulted on the mortgage and continue to be in default.  When asked at an earlier hearing whether he had made any payments on the mortgage since 2008, Mr. McMann, representing himself pro se, answered that he does not recall.

On or around May 11, 2017, plaintiffs sent Korde a Qualified Written Request ("QWR") pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605.  That QWR requested written responses and production of documents with respect to a myriad of questions relating to the mortgage.  Selene purportedly responded to that QWR by letter dated July 31, 2017, although plaintiff denies that he ever received the letter. Plaintiffs also contend that Korde sent correspondence to Eileen McMann's sister in an effort to collect the alleged debt.

Plaintiffs allege that 1) Selene violated M.G.L. c. 244, § 35B (Count 4) and its implementing regulation at 209 C.M.R. § 56.07 (Count 5) by failing to publish a notice of foreclosure sale without first having taken reasonable steps to avoid foreclosure, 2) defendants breached their contract with plaintiffs (Count 6), 3) defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., (Count 7), 4) defendants violated the Real Estate Settlement

Procedures Act ("RESPA") by failing to respond to a Qualified Written Request ("QWR"), see 12 U.S.C. § 2605, (Count 8), 5) defendants violated the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., (Count 9) and 6) those various violations constitute unfair or deceptive trade practices in violation of M.G.L. c. 93A (Count 10).  In addition, in Claims 1-3 plaintiff sought injunctive relief in the form of a temporary restraining order, preliminary injunction and permanent injunction.

In December, 2017, plaintiffs filed an emergency motion to postpone foreclosure sale on the last business day before a scheduled foreclosure sale.  After a hearing on that motion, which the Court treated as a motion for a preliminary injunction, it was denied. See McMann v. Selene Fin. LP for Wilmington Sav. Fund Soc'y, FSB, 281 F. Supp. 3d 218, 220 (D. Mass. 2017).  The Court held that plaintiffs were unlikely to succeed on the merits of either their RESPA or FDCPA claim and that plaintiffs had not established that monetary damages would be insufficient to remedy the injuries they alleged.  The Court ordered that any funds received from the foreclosure sale "are to be held in escrow by defendants until this litigation is concluded." Id. at 221.

The defendants state that the total debt secured by the mortgage at issue was in excess of one million dollars and that

at the foreclosure sale Wilmington Savings Fund Society ("Wilmington") submitted a credit bid of $920,000, which was the highest bid received at such sale.  Therefore, defendants argue that there are no funds to be paid into escrow.  The plaintiffs request that the Wilmington credit bid of $920,000 be held by this Court so that it can accrue interest during the pendency of the litigation.  Defendants have represented that Wilmington will refrain from recording its foreclosure deed until this action is concluded.

**B. <u>Analysis</u>**

**1. Defendants' Motion to Dismiss**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. <u>Nollet</u> v. <u>Justices of Trial Court of Mass.</u>, 83 F. Supp. 2d 204, 208 (D. Mass. 2000), <u>aff'd</u>, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Langadinos</u> v.

Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id.  Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

### a. Counts 4 & 5 – Violation of M.G.L. c. 244, § 35B and 209 C.M.R. § 56.07

Plaintiffs allege that Selene failed to comply with Massachusetts law by causing the publication of a notice of foreclosure sale without taking reasonable steps and making a good faith effort to avoid foreclosure.  Defendants submit that the relied-upon statute and regulation do not apply to the Property because it is not "residential property".

Section 35B provides that

a creditor shall not cause publication of notice of a
foreclosure sale, as required by section 14, upon certain
mortgage loans unless it has first taken reasonable steps
and made a good faith effort to avoid foreclosure.

M.G.L. c. 244, § 35B(b).

"Certain mortgage loans" are defined, in part, as loans
made to a natural person "secured wholly or partially by a
mortgage on an owner-occupied residential property." M.G.L. c.
244, § 35B.  Residential property, in turn, is limited to the
"principal residence of a person . . . ." Id.

Plaintiffs do not currently reside at the Property and did
not occupy the foreclosed property at the time of foreclosure.
The complaint lists their place of residence as Boston Post
Road.  The Crescent Street property was not the listed residence
on plaintiffs' bankruptcy petitions in 2011, 2012, 2014 or 2016,
and the loan was listed on Mr. McMann's Schedule D in his 2016
Chapter 13 bankruptcy petition.  Because the Property is not
"residential property" for the purposes of § 35B, plaintiffs
have failed to state a claim upon which relief can be granted.
Defendants' motion to dismiss will, with respect to Counts 4 and
5, be allowed and those claims will be dismissed with prejudice.

### b. Count 6 – Breach of contract

Under Massachusetts law, a plaintiff asserting breach of
contract must demonstrate that (1) an agreement was made between

plaintiff and defendant that was supported by consideration, (2) plaintiff was ready, willing and able to perform, (3) defendant failed to perform a material obligation provided for in the contract and (4) plaintiff suffered harm caused by defendant's failure to perform. Coady Corp. v. Toyota Motor Distributors, Inc., 346 F.Supp.2d 225, 248 (D. Mass. 2003), aff'd, 361 F.3d 50 (1st Cir. 2004) (citing Singarella v. City of Boston, 342 Mass. 385, 387 (1961)). A breach of contract is material "when it involves an essential and inducing feature of the contract." EventMonitor, Inc. v. Leness, 473 Mass. 540, 546 (2016) (citations omitted) (internal quotation omitted).

Because plaintiffs do not allege they ever entered into an agreement with Selene or Korde, they have not alleged that a contract was formed. Without a contract, there can be no breach of contract. If plaintiffs contracted with a party other than Selene or Korde, that fact is not alleged nor has that party been served in this litigation. Plaintiffs' opposition, which does not address defendants' denial of a breach of contract, seems to concede the point. Accordingly, defendants' motion to dismiss will, with respect to Count 6, be allowed.

### c. Count 7 – Violation of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

Plaintiffs allege that Korde contacted Ms. McMann's sister in an attempt to collect an alleged debt. Korde responds that

the allegations are conclusory and insufficient to state a
cognizable FDCPA claim.

The FDCPA provides that, excepting certain circumstances,

a debt collector may not communicate, in connection with
the collection of any debt, with any person other than the
consumer, his attorney, a consumer reporting agency if
otherwise permitted by law, the creditor, the attorney of
the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

In its previous opinion, this Court stated that the McManns
"may succeed on the merits of their FDCPA claim if they can show
it is not time barred." McMann, 281 F. Supp.3d at 220.  The
Court denied injunctive relief because the violation, if proved,
would be "adequately remedied by the damages provided for in the
statute." Id.  Indeed, at the hearing on the emergency motion,
Korde did not deny that its representative contacted Ms.
McMann's sister nor does it suggest in its motion to dismiss
that the claim was time-barred.  The allegations in the
complaint are not so threadbare or speculative that they "fail
to cross the line between the conclusory and the factual."
Pruell v. Caritas Christi, 678 F.3d 10, 13 (1st Cir. 2012)
(quoting Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595
(1st Cir.2011) ) (internal quotation mark omitted).  Defendants'
motion to dismiss will, with respect to Count 7, be denied.

### d. Count 8 – Violation of Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605

Plaintiffs claim that Selene's failure to respond to their Qualified Written Request ("QWR") violated RESPA.

Pursuant to 12 U.S.C. § 2605, a borrower may send a loan servicer a Qualified Written Request "for information relating to the servicing of such loan" or for assurance that the account is not in error. 12 U.S.C. § 2605(e)(1).  A loan servicer has 30 days to respond to the QWR with a written explanation or clarification to provide the requested information, explain why such information is unavailable and either make appropriate corrections in the account or provide a statement of reasons confirming its accuracy. See 12 U.S.C. § 2605(e)(2).

At the hearing held on plaintiffs' emergency motion, Korde provided plaintiff with a copy of defendant's response to the QWR, although it did not include the original attachments to the letter to which plaintiffs will be entitled during discovery.

To state a claim under the QWR provision of RESPA, a plaintiff must show

> (1) that the servicer failed to comply with the statute's [qualified written request] rules; and (2) that the plaintiff incurred actual damages as a consequence of the servicer's failure.

Foregger v. Residential Credit Sols., Inc., 2013 WL 6388665, at *4 (D. Mass. Dec. 5, 2013) (citing Okoye v. Bank of New York Mellon, 2011 WL 3269686, at *17 (D. Mass. July 28, 2011)).

Plaintiffs' complaint does not allege, plaintiffs did not argue at the hearing and they did not articulate in their opposition how defendants' QWR deficiencies caused any actual damages.  Nor do plaintiffs contend that Korde has demonstrated a pattern or practice of non-compliance, such that plaintiffs would be entitled to statutory damages. 12 U.S.C. § 2605(f)(1)(B).  At the hearing, Mr. McMann acknowledged that he had been in default on the loan since 2009 and that he does not recall whether he made any payments since then.  The only alleged damage arising from Korde's failure to respond to the QWR is the foreclosure itself.  Given the prolonged period of delinquency, the argument that the actual damage arising from his May, 2017, QWR was the foreclosure of the property is implausible.

Defendants' motion to dismiss, with respect to Count 8 will be allowed.

### e. Count 9 – Violation of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.

Plaintiffs assert that defendants violated the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., by including a defective disclosure statement in conjunction with the 2002 mortgage transaction.

An individual action for damages under TILA must be brought "before the end of the 3-year period beginning on the date of

the occurrence of the violation." 15 U.S.C. § 1640(e).
Plaintiffs' claim arising from the closing of a loan in 2002 is
long since time-barred.

Defendants' motion to dismiss, with respect to Count 9 will
be allowed and those claims will be dismissed with prejudice.

### f. Count 10 – Violation of M.G.L. c. 93A

The text of the FDCPA provides that a violation thereof "is
an unfair or deceptive act or practice in violation of" the
Federal Trade Commission Act ("FTCA"). See 15 U.S.C. § 1692l(a).
Chapter 93A of the Massachusetts General Laws incorporates the
FTCA. See McDermott v. Marcus, Errico, Emmer & Brooks, P.C., 775
F.3d 109, 122 (1st Cir. 2014).  Furthermore, Massachusetts has
enacted its own equivalent of the FDCPA in M.G.L. c. 93, § 49.
Accordingly, conduct that violates the FDCPA also violates the
FTCA, Chapter 93A and Chapter 93, § 49. See McDermott, 775 F.3d
at 122–23.  The facts that plaintiffs allege supporting their
FDCPA claim also state a claim under Chapter 93A.  The Court has
dismissed all other claims alleged in plaintiffs' complaint.  To
the extent that plaintiffs are able adequately to allege a claim
for violation of RESPA, they also state a claim for relief under
Chapter 93A.

Defendants' motion to dismiss Count 10, with respect to
violations of the FDCPA, will be denied, but will otherwise be
allowed.

-11-

### 2. Plaintiffs' Motion to Appoint an Escrow Agent

Under the Local Rules of this district, an interested party may apply to this Court for an appointment of an escrow agent with respect to the disbursement of registry funds. LR, D. Mass 67.3 (d).  This Court previously ordered that funds received from the foreclosure sale are to be held in escrow by defendants until the litigation has concluded.  Defendants declare that the Wilmington credit bid at the foreclosure sale ($920,000) does not exceed the total debt secured by the mortgage (in excess of one million dollars) and thus there are no funds to be paid into escrow.  Furthermore, defendants have stated that Wilmington will refrain from recording its foreclosure deed until this action is concluded.  Because there are no escrow funds to be preserved, plaintiffs' motion to appoint an escrow agent will be denied.

## C. <u>Leave to Amend</u>

The First Circuit Court of Appeals has explained that the fact a plaintiff files a complaint <u>pro</u> <u>se</u> "militates in favor of a liberal reading." <u>See</u> <u>Boivin</u> v. <u>Black</u>, 225 F.3d 36, 43 (1st Cir. 2000).  In particular, courts are instructed to endeavor, "within reasonable limits, to guard against the loss of <u>pro</u> <u>se</u> claims due to technical defects." <u>Rodi</u> v. <u>S. New England Sch. Of Law</u>, 389 F.3d 5, 20 (1st Cir. 2004).  At the same time, the Court will not become a drafter of pleadings, especially in a

-12-

realm of consumer law where attorneys' fees are made available
by statute to ensure the protection of plaintiffs such as the
McManns. See, e.g., 15 U.S.C. § 1692k(a)(3) (providing for
reasonable attorneys' fees as determined by the court); M.G.L.
c. 93A § 11 (providing for attorneys' fees and costs).

The Court will dismiss plaintiffs' claims under M.G.L. c.
244, § 35B (Count 4), 209 C.M.R. § 56.07 (Count 5) and TILA
(Count 9) with prejudice, meaning that the McManns will be
precluded from raising those claims again in this Court.  The
breach of contract and RESPA claims, on the other hand, do not
fail as a matter of law but rather because the complaint does
not include sufficient factual allegations to state claims for
relief.

A district court "should freely give leave [to amend] when
justice so requires." Fed. R. Civ. P. 15(a)(2).  Where a movant
evinces futility, bad faith, undue delay or a dilatory motive,
amendment is not warranted. See Grant v. News Group Boston,
Inc., 55 F.3d 1, 5 (1st Cir. 1995).  Amending a complaint is
futile if the amended complaint "could not withstand a 12(b)(6)
motion to dismiss." Hatch v. Dep't for Children, Youth & Their
Families, 274 F.3d 12, 19 (1st Cir. 2001) (quoting Rose v.
Hartford Underwriters Ins. Co., 203 F.3d 417, 421 (6th Cir.
2000)).  The Court cannot say that it would be futile to amend

the complaint.  Plaintiffs will be permitted one more
opportunity to do so.

ORDER

For the foregoing reasons,

-Counts 1, 2 and 3 are **DISMISSED AS MOOT**;

-defendants' motion to dismiss (Docket No. 12) is, with
respect to Count 7 (the FDCPA claim), **DENIED**, and with
respect to Count 10 (the Chapter 93A claim) as it relates
to the FDCPA allegations, **DENIED**, but is otherwise **ALLOWED**;

-Counts 4, 5 and 9 are **DISMISSED WITH PREJUDICE**; Counts 6
and 8 are **DISMISSED WITHOUT PREJUDICE**.

-plaintiffs' motion for appointment of an escrow agent
(Docket No. 21) is **DENIED**.

As a result of the Court's rulings the plaintiffs' complaint
survives only as to Counts 7 and 10 and insofar as an amended
complaint warrants further consideration of amended counts.
Plaintiffs are permitted to file an amended complaint on or
before Friday, October 12, 2018.


**So ordered.**

_/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated September 14, 2018